Carolyn Jackson, Reg. No. 65373-050
FCI Marianna Prison Camp
P.O. Box 7006
Marianna, FL 32447-7006
*Defendant, Pro Se*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JANA GRACE RINALDI, f/k/a JANA JACKSON f/k/a JIREH WOODS, and C.R., by and through FRANCESCO RINALDI and KATHERINE RINALDI, Guardians Ad Litem,<br><br>Plaintiffs,<br><br>v.<br><br>THE STATE OF NEW JERSEY DEPARTMENT OF CHILDREN AND FAMILIES, et al.,<br><br>Defendants. | Case No. 2:26-cv-05694 (JKS-JBC)<br><br>**DEFENDANT CAROLYN JACKSON'S REPLY BRIEF IN FURTHER SUPPORT OF HER MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND, IN THE ALTERNATIVE, FOR A STAY** |

## PRELIMINARY STATEMENT

Defendant Carolyn Jackson, appearing *pro se* from federal custody, submits this reply to Plaintiffs' Opposition (ECF No. 34) to her motion to dismiss the First Amended Complaint ("FAC") and, alternatively, to stay this action. The Opposition does not answer the central point of the motion: the only claim pleaded against Ms. Jackson is Count I, and Count I describes what "THE JACKSONS" collectively did without alleging what Ms. Jackson herself did to either Plaintiff.

To fill that gap, the Opposition attributes to "Defendant" specific acts ("physical contact," "purposely delaying medical care," "depriving her of food and water") that the FAC does not allege against her. A brief cannot amend a complaint.

The Opposition also concedes that Ms. Jackson was not a state actor, that no § 1983 claim is pleaded against her, and that Plaintiffs rely on 28 U.S.C. § 1331 only through a count that does not name her. And it asks for leave to amend without a motion or a proposed pleading, after Plaintiffs have already amended once.

## LEGAL ARGUMENT

### I. THE OPPOSITION RELIES ON ALLEGATIONS THAT ARE NOT IN THE FAC.

Plaintiffs say the FAC alleges that "Defendant made harmful and offensive contact with Jana through physical contact, forcing her to ingest spicy/unpleasant foods, forcing her to ingest toxic quantities of sodium, depriving her of food and water and purposely delaying medical care." (Opp. at 12.) Paragraphs 69 and 72, which the Opposition cites, say something different. They state that Jana and C.R. "sustained various forms of neglect, abuse and excessive corporal punishment" while "in the custody of THE JACKSONS," including "forced ingestion" of certain foods and "delayed medical care." (FAC ¶¶ 69, 72.) The passive voice is doing the work. The FAC never says who forced ingestion, who struck whom, who delayed care, or whether any of it was done by Ms. Jackson as opposed to Mr.

Jackson, a babysitter, an older child in the household, or anyone else. The word "purposely" appears nowhere in those paragraphs.

The Court evaluates the pleading, not counsel's characterization of it. A complaint may not be amended by a brief opposing a motion to dismiss. *See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). The Opposition's account of what "Defendant" did is therefore not part of the record on this motion.

Nor do the FAC's other allegations fill the gap. Paragraphs 32 and 80 concern a different child's diet and a later conviction, not any act toward Jana or C.R. that the FAC attributes to Ms. Jackson individually. Plaintiffs also point to C.R.'s hospitalizations and to the 2010 report to DCPP (Opp. at 12–13; FAC ¶¶ 72–73, 76), but those paragraphs describe medical conditions and agency action. They do not say what Ms. Jackson did. Under *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), the question is whether the pleaded facts, as opposed to labels, permit a reasonable inference that *this* Defendant is liable. Allegations that are merely consistent with liability "stop[] short of the line between possibility and plausibility." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

## II. INTENT IS PLEADED ONLY BY RECITING THE ELEMENT.

The FAC's allegations of intent are formulaic. Paragraphs 70 and 74 state that "THE JACKSONS acted with the intent to make harmful and offensive

contact" with each Plaintiff, and paragraphs 71 and 75 state that they acted "with the intention to cause" apprehension of such contact. These sentences track the elements of the torts and add no facts. They are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555.

The Opposition argues that "use of force" permits an inference of intent. (Opp. at 14–15.) That argument assumes the missing fact, namely that Ms. Jackson personally used force. Whether a defendant intended contact cannot be inferred from conduct the pleading never attributes to her. Plaintiffs also say causation "is not a relevant factor" in the battery and assault analysis (Opp. at 14), yet they simultaneously contend that the FAC "establishes causation." Either way, the FAC must allege facts connecting this Defendant to the contact it describes, and it does not.

Plaintiffs note that two Defendants are alleged to have acted together. Pleading against two people in the same household is not the same as pleading that each did each act. Where, as here, the acts alleged are different in kind (food deprivation, "delayed medical care," "assault with various implements"), a defendant is entitled to know which of them she is accused of. That is the fair notice Rule 8 and *Twombly* require.

## III. THE ASSAULT CLAIM FAILS FOR A SEPARATE REASON.

Plaintiffs quote the New Jersey standard: assault requires an act "intending to cause a harmful or offensive contact . . . or an imminent apprehension of such contact, *and the other is thereby put in such imminent apprehension*." (Opp. at 15, quoting *Leang v. Jersey City Bd. of Educ.*, 198 N.J. 557, 591 (2009) (emphasis added).) The FAC alleges only that the Jacksons intended to cause apprehension (¶¶ 71, 75). It does not allege that either Plaintiff was in fact placed in imminent apprehension of any contact. Plaintiffs were, by the FAC's own account, under five and under three years old. (FAC ¶¶ 69, 72.) The Opposition does not identify a single paragraph pleading the second half of the element. Count I should be dismissed as to assault on this ground alone.

## IV. PLAINTIFFS' CONCESSIONS NARROW THE ISSUES.

*Section 1983 and qualified immunity.* Plaintiffs state that Ms. Jackson "was not acting under the color of state law" and "was not operating as a government official." (Opp. at 16–17.) Ms. Jackson accepts that concession. It confirms that no federal civil-rights claim lies against her, and she does not ask the Court to rule on qualified immunity as to Count I. Her motion addressed § 1983 and qualified immunity only to the extent any such claim might be read into the FAC; Plaintiffs' concession resolves that point.

*In loco parentis.* Plaintiffs argue that Ms. Jackson's status as a foster or resource parent "reinforces" intent. (Opp. at 17–18.) A custodial relationship may bear on duty, but this motion concerns intentional torts, and a status is not a pleaded act. Calling a defendant a caregiver does not supply facts about what she personally did or intended.

*Plaintiffs' capacity.* Plaintiffs do not dispute that both are adults. (FAC ¶¶ 8–9.) The caption and signature block nevertheless still present C.R. as a minor appearing through guardians *ad litem*. Ms. Jackson does not ask for dismissal on this basis, but the pleading should be corrected, and the Court should require Plaintiffs to state who is authorized to litigate on C.R.'s behalf and in what capacity.

## V. FEDERAL JURISDICTION OVER THE CLAIM AGAINST MS. JACKSON IS, AT BEST, SUPPLEMENTAL.

The FAC invokes only 28 U.S.C. § 1331. (FAC ¶ 22.) The Opposition defends jurisdiction by pointing to Count IV, a § 1983 claim against the "Casework Defendants." (Opp. at 18–19.) Ms. Jackson is not named in Count IV, and Plaintiffs concede that she was not a state actor. The only claim against her is a state-law tort claim. The FAC does not invoke 28 U.S.C. § 1367, and Plaintiffs do not argue it in the Opposition. Ms. Jackson recognizes that a court with original jurisdiction over a related claim may in some circumstances exercise supplemental jurisdiction over state-law claims against another party, but that jurisdiction is

discretionary, 28 U.S.C. § 1367(c), and Plaintiffs have not asked the Court to exercise it or explained why it should. To the extent the Court concludes that jurisdiction over Count I rests on § 1367, Ms. Jackson asks the Court to consider whether to exercise it.

## VI. PLAINTIFFS HAVE NOT PROPERLY REQUESTED LEAVE TO AMEND.

Plaintiffs ask, in the alternative, for leave to amend. (Opp. at 19–21.) First, their reliance on Rule 15(a)(1) is misplaced, because that rule allows one amendment as of course, and Plaintiffs have already filed the FAC. Second, a request embedded in an opposition brief is not a motion. In a case that is not a civil-rights case as to this Defendant, a plaintiff who wants leave must file a motion and tender the proposed amendment. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252–53 (3d Cir. 2007); L. Civ. R. 15.1(a). Plaintiffs have done neither, and they do not say what facts they would add. Third, *Johnson v. City of Shelby*, 574 U.S. 10 (2014), on which Plaintiffs rely, involved a complaint that merely failed to cite the correct statute while stating the underlying facts. Here the problem is missing facts, not a missing citation. Ms. Jackson therefore maintains that dismissal should be with prejudice. At a minimum, any leave to amend should be conditioned on a proper motion under Rule 15(a)(2) and L. Civ. R. 15.1, accompanied by a proposed pleading that identifies what Ms. Jackson personally is alleged to have done.

## VII. THE REQUEST FOR A STAY SHOULD BE GRANTED, OR AT MINIMUM A TAILORED STAY OR ACCOMMODATIONS ORDERED.

*A. Correction.* Ms. Jackson's motion referred to "Plaintiff's pending 28 U.S.C. § 2255 proceeding." That was a misstatement. The pending § 2255 proceeding is Ms. Jackson's own. The case number is 13-CR-290 (D.N.J.). The § 2255 motion focuses on ineffective assistance of counsel in failing to address government misconduct and misinformation, including an invalid finding of culpability for Joshua's death. Federal courts have recognized the inherent prejudice that incarceration creates in civil proceedings, and that incarcerated pro se litigants face unique disadvantages that may justify a stay of proceedings in the interests of fairness and judicial economy. Because the resolution of the § 2255 motion may materially affect the claims and defenses in this civil action, the Court should stay this matter until the § 2255 proceedings have concluded. The § 2255 motion has been filed, and the government has requested 60 days to answer it.

*B. The power to stay.* The Opposition says stays are available only "in rare instances" when another proceeding is pending. (Opp. at 21–22.) That overstates the law. A district court's power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," and the court weighs the competing interests to maintain "an even balance." *Landis v. N. Am. Co.*, 299 U.S.

248, 254–55 (1936); *see Bechtel Corp. v. Local 215, Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976). The factors Plaintiffs themselves list (prejudice to the non-movant, hardship to the movant, simplification of issues, and the stage of the case) are the right ones. *See Akishev v. Kapustin*, 23 F. Supp. 3d 440, 445–46 (D.N.J. 2014).

*C. The factors.* Hardship to the movant: Ms. Jackson is incarcerated in Florida, without counsel, and without internet access or the ability to attend or conduct depositions, subpoena records, or retain an expert. All communication with the Court and with Plaintiffs' counsel moves through the prison mail system, with the delay that entails. The Opposition argues that the motion to dismiss itself shows she can participate meaningfully. It shows only that she can file a short paper by mail. Responding to a motion is not the same as taking or defending discovery, which is what a stay would address. Prejudice to Plaintiffs: Plaintiffs' claims concern events in 2008 through 2010 and were first noticed to the Division in 2019 and to Ms. Jackson in 2026. Ms. Jackson received no notice of these claims until 2026, years after this matter was first noticed and the case began, and Plaintiffs offer no explanation for that delay. That delay has prejudiced her ability to defend, and Count I should be dismissed as to her on that ground alone. See N.J.S.A. 2A:14-2(a) (two-year limitations period for personal-injury claims); *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (limitations defense may

support Rule 12(b)(6) dismissal where the bar is apparent on the face of the complaint). No discovery has begun and no trial date is set, so the stage of the case favors a stay. Plaintiffs identify no specific evidence that will be lost, and their concern is generalized delay. Simplification: The § 2255 proceeding challenges the conviction on which Plaintiffs rely (FAC ¶ 80), and its outcome may affect what issues remain to be litigated.

*D. Alternative relief.* If the Court is not inclined to stay the entire action until 2029, Ms. Jackson respectfully requests, in the alternative, that the Court: (1) stay discovery as to her for a defined period, with a status report every ninety days; (2) permit remote or written participation in any deposition or conference and extend deadlines to account for prison mail; and (3) consider whether the appointment of *pro bono* counsel is warranted. *See Tabron v. Grace*, 6 F.3d 147, 155–57 (3d Cir. 1993).

## CONCLUSION

For these reasons, and those in her moving papers, Ms. Jackson respectfully requests that the Court dismiss Count I as against her, or in the alternative stay this action as to her, or grant the alternative relief described in Section VII.D.

Respectfully submitted,

__________________________

Carolyn Jackson, *Pro Se*
Reg. No. 65373-050
FCI Marianna Prison Camp
P.O. Box 7006
Marianna, FL 32447-7006
Dated: October 9, 2026

**CERTIFICATE OF SERVICE**

I certify that on October 9, 2026, I delivered the foregoing Reply Brief to prison officials for mailing to the Clerk of the Court, United States District Court, District of New Jersey, [INSERT COURTHOUSE ADDRESS], and that a copy was sent by first-class United States mail, postage prepaid, to:

Timothy E. Dinan, Esq.
Laddey, Clark & Ryan, LLP
60 Blue Heron Road, Suite 300
Sparta, NJ 07871-2600
*Counsel for Plaintiffs*

John P. Mueller, Esq.
Marshall Dennehey
15000 Midlantic Drive, Suite 200, P.O. Box 5429
Mt. Laurel, NJ 08054
*Counsel of record*

John Jackson, Reg. No. 65372-050
FCI Coleman Low
P.O. Box 1031
Coleman, FL 33521

_____________________________
Carolyn Jackson, *Pro Se*