**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JANA GRACE RINALDI, f/k/a | ) | Case Number: |
| JANA JACKSON f/k/a JIREH WOODS | ) | 2:26-CV-05694 (JKS-JBC) |
| And C.R., a minor, by and through | ) | |
| FRANCESCO RINALDI and | ) | |
| KATHERINE RINALDI, | ) | |
| Guardian Ad litem | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| Carolyn Jackson, | ) | |
| Defendant | ) | |

**DEFENDANT CAROLYN JACKSON'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF HER 28 U.S.C. § 2255 MOTION, OR ALTERNATIVELY FOR A PROTECTIVE ORDER UNDER FED. R. CIV. P. 26 (c)**

1. Carolyn Jackson, proceeding pro se, respectfully moves for an order staying discovery in this action, or at a minimum staying depositions and interrogatories that touch on the facts of her criminal conviction, until her motion under 28 U.S.C. § 2255 is decided in District Court of New Jersey Case number 13-CR-290 (D.N.J.).

## I. BACKGROUND

2. Defendant Jackson is a federal prisoner at FCI Marianna, serving a sentence imposed in *United States v. Jackson III*. She has filed a motion under 28 U.S.C. § 2255 challenging that conviction. The motion remains pending.

3. This civil action arises from allegations of abuse and neglect of Jana and CR. Defendant maintains that any harm suffered by Jana and CR was the result of actions by third

parties and State actors, not Defendant Jackson. Defendant Jackson expressly maintains her innocence of all such allegations.

4. Plaintiff is seeking for Defendant Jackson to sign a joint discovery plan that involves depositions and interrogatories about the underlying facts in this case.

## II. LEGAL STANDARD

5. A district court has inherent power to stay proceedings to control its docket. See *Landis v. North American Co.*, 299 U.S. 248 (1936); *Bechtel Corp. v. Local 215, Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3rd Cir. 1976). Courts in this District deciding whether to stay civil proceedings that overlap with criminal matters weigh: (1) the extent of overlap between the issues; (2) the status of the criminal matter; (3) the prejudice to the plaintiff from delay; (4) the burden on the defendant; (5) the interest of the court; and (6) the public interest. See *Walsh Securities, Inc. v. Cristo Property Management, Ltd.*, 7 F. Supp. 2d 523, 526–28 (D.N.J. 1998); *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. 2014). The Court may also, for good cause, limit discovery by protective order. Fed. R. Civ. P. 26(c)(1).

## III. ARGUMENT

6. The issues overlap. The discovery sought concerns the same facts that are at issue in Ms. Jackson's § 2255 motion. Testimony she gives here could be used against her if her conviction is vacated and she is retried, and any answer she gives could affect that proceeding.

7. The collateral proceeding is active and her Fifth Amendment rights are at stake. If Ms. Jackson invokes the Fifth Amendment in a civil case, an adverse inference may be drawn. *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976). She should not have to choose between defending this case and protecting her rights in the § 2255 proceeding.

8. The stay will not unfairly prejudice the other parties. The request is limited; it asks only that discovery on the facts of the conviction wait until the § 2255 motion is decided. The government has requested 60 days to respond, so the motion decision should be completed by January 2027. Pleadings, motions to dismiss, and discovery on unrelated matters can proceed.

9. The burden on Defendant Jackson is heavy. She is incarcerated, pro se, and has limited access to legal materials and communications.

10. The Court's and the public's interests favor a stay, because resolution of the § 2255 motion may narrow or resolve issues in this case and avoid duplicative proceedings.

## IV. RELIEF REQUESTED

11. Defendant Jackson respectfully requests that the Court (1) stay discovery in this action until her § 2255 motion is decided; (2) alternatively, stay depositions and interrogatories touching the facts of her conviction; (3) require her to file a status report every 90 days; and (4) grant any other relief the Court finds appropriate.

Date: October 28, 2026

Respectfully submitted,

Carolyn Jackson

Carolyn Jackson
Defendant Pro Se
Register Number: 65373-050
FCI Marianna Prison Camp
PO Box 7006
Marianna, FL 32447-7006

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JANA GRACE RINALDI, f/k/a | ) | Case Number: |
| JANA JACKSON f/k/a JIREH WOODS | ) | 2:26-CV-05694 (JKS-JBC) |
| And C.R., a minor, by and through | ) | |
| FRANCESCO RINALDI and | ) | |
| KATHERINE RINALDI, | ) | |
| Guardian Ad litem | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| Carolyn Jackson, | ) | |
| Defendant | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on October 28, 2026, that the foregoing motion and proposed order were mailed to the Clerk of the Court through the prison legal mail system. A copy of this motion and proposed order was mailed via United States Mail to:

Timothy L. Dinan
Laddey, Clark and Ryan
60 Blue Heron Road, Suite 300
Sparta, New Jersey 07871-2600

Respectfully submitted,

Carolyn Jackson
Pro Se Defendant
Register Number: 65373-050
FCI Marianna Prison Camp
PO Box 7006
Marianna, FL 32447-7006

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JANA GRACE RINALDI, f/k/a | ) | Case Number: |
| JANA JACKSON f/k/a JIREH WOODS | ) | 2:26-CV-05694 (JKS-JBC) |
| And C.R., a minor, by and through | ) | |
| FRANCESCO RINALDI and | ) | |
| KATHERINE RINALDI, | ) | |
| Guardian Ad litem | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| Carolyn Jackson, | ) | |
| Defendant | ) | |

**[PROPOSED] ORDER**

Upon consideration of Defendant Carolyn Jackson's Motion to Stay Discovery, and for good cause shown, it is on this _____ day of ___________, 20__, ORDERED that discovery in this action is STAYED [in whole / as to depositions and interrogatories concerning the facts of Defendant's conviction] until the Court decides Defendant's motion under 28 U.S.C. § 2255 in Case No. 13-CR-290 (D.N.J.); and it is further ORDERED that Defendant shall file a status report every ninety (90) days.

_________________________________
United States [Magistrate/District] Judge